J. S. Rippel & Company, Securities Company of New Jersey, and Guaranty Company of New Jersey, New Jersey corporations, complainants-appellants,

*v.*

The City of Newark, defendant-appellee.

[Submitted February. term, 1945.   Decided May 10th, 1945.]

*Messrs. Brady & Daly,* for the complainants-appellants.

*Mr. Philip J. Schotland,* for the defendant-appellee.

Per Curiam.

The bill of complaint in this case sought to enjoin the city from collecting the tax assessed against complainants on their

personal property for the year 1935; and to determine the amount of their personal property tax liability for that year; and to cancel the assessments and records of tax liability based thereon for said taxes.

The learned Vice-Chancellor was of the opinion that the bill of complaint could be sustained, if at all, only on one theory; namely. that the complainants were lulled by the agents of the city into the belief that the filing of formal sworn claims for deductions and exemptions was unnecessary and, therefore, that equity would not permit the city to hold its advantage over complainants resulting from the non-filing of the claims.

The applicable statutes are *R. S. 54:4–14* and *15.* Section 14 provides that: "after making the valuation of the personal property for which a person shall be assessed the assessor may deduct therefrom all debts *bona fide* due and owing from such persons to creditors residing in the state, but no such deduction shall be made unless the debtor shall make claim therefor in writing under oath * * *." Section 15 provides that "no allowance or deduction shall be made for personal property or securities claimed to be exempt from taxation unless a sworn claim therefor shall be made setting forth a detailed list of the securities and personal property claimed to be exempt, * * * and that they were not purchased with intent to escape taxation." The lists filed by complainants with the city board of their holdings classified as exempt and non-exempt and of the indebtedness of each complainant to New Jersey residents did not comply with sections 14 and 15 in that they were not sworn to.

The Vice-Chancellor held that the power of the city board, or of any assessor, to make deductions is limited by statute and that complainants were chargeable with knowledge of the limitations; that complainants "expected the Board to disobey the statute by assessing their gross personalty at less than true value, or by making deductions notwithstanding the lack of proper sworn claims. This expectation was founded on the statements of the Board's agent." But, said the Vice-Chancellor, "a representation, a promise, that the law will be ignored cannot be the basis of an estoppel against

the city." So, the Vice-Chancellor concluded that the complainant Rippel & Company had no cause of action.

The situation was somewhat different with the other two complainants, the Securities Company and the Guaranty Company. The city board made no assessments at all against them while it had authority to act. In fact, the assessment list filed by the city board with the county board omitted their names and it was not until after the assessment list passed into the control of the county board that the city board caused entries to be made in said list purporting to assess these complainants' net personal properties for taxes for the year 1935 at $500,000 and $200,000, respectively.

After unsuccessfully negotiating with the city, complainants filed formal proofs of claim with the city board which declined to act thereon, and complainants then appealed to the county tax board, which dismissed their appeals upon the ground that the claims had not been sworn to within the time fixed for filing claims. Complainants then appealed to the State Board of Tax Appeals, which dismissed the appeals of Rippel & Company and Guaranty Company for the same reason given by the county board but reduced the assessment levied against the Securities Company from $500,000 to $280,559.96.

In the final paragraph of his memorandum the Vice-Chancellor said:

"As I understand the law, the City Board had no authority to make any changes in the assessment list after the list was delivered to the County Board, and yet the entries made purporting to tax complainants, were not nullities but constituted taxes levied or assessed. *Ridgewood Elks Holding Co.* v. *Ridgewood, 127 N. J. Law 295.* The taxes are upheld by *R. S. 54:4–58* to the extent, or in the amounts that complainants were, in fact, liable to taxation. On the facts alleged in the bill, I incline to the view that the two boards of tax review were mistaken and that complainants had a right to claim their deductions before the County Board, even though no sworn claims had been filed with the City Board. The taxes in controversy depend entirely on section 58 and are validated only so far as complainants were prop-

erly taxable. But this is a purely legal question. The judgment of the State Board controls. *Royal Manufacturing Co.* v. *Rahway, 75 N. J. Law 416.* Complainants had their remedy by *certiorari* and did not choose to pursue it. As there is no equitable basis for relief, the bill will be dismissed."

We have examined the record and briefs submitted and are of the opinion that the order dismissing the bill of complaint on the ground that it sets forth no cause of action cognizable in equity should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, WELLS, RAFFERTY, DILL, FREUND, JJ. 12.

*For reversal*—None.